UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

    - against -

PERRY ROTH,

          Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
14-CR-100 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

      Defendant Perry Roth stands convicted in this Court on his plea of guilty to Conspiracy to Import Methylone in violation of 21 U.S.C. §§ 963 and 960(b)(3), a felony. He was sentenced to a term of probation of five years. Judgment entered on June 22, 2015.

      Roth now seeks a certificate of relief from civil disabilities pursuant New York State law so that he may maintain the necessary license to continue working as a merchandiser for a wine and spirits distributor. (Doc. Nos. 70, 71.) For the reasons that follow, this Court lacks jurisdiction to grant such relief.

      A certificate of relief from civil disabilities may be granted to relieve an eligible offender of any forfeiture or disability that is automatically imposed by reason of a felony conviction. The certificate may be limited to one or more enumerated forfeitures or disabilities. N.Y. Correct. L. § 701(1). If a certificate of relief is obtained, the conviction is not deemed to be a conviction within the meaning of any provision of law that imposes a disability to apply for or receive any license or permit. *Id.* at § 701(2).

      However, the statutes plainly grant the power to issue such certificates to "[a]ny court of this state." *Id*. at §702. And under well-settled law of this Circuit, federal courts may not relieve civil disabilities under these provisions. *United States v. Da Grossa*, 446 F.2d 902, 903 (2d Cir.

1

1971) (*per curiam*) ("We do not believe that when the New York legislature, in § 702 of the New York Correction Law, referred to 'any court of this state,' it was thinking of a federal court administering federal criminal law."); *see also Libreros v. United States*, 14-MC-266 (SJ), 2014 WL 2682836 at * 1 (E.D.N.Y. June 12, 2014) ("Over forty years of subsequent case law confirms the holding in *Da Grossa*, which states that federal courts, including this court, lack jurisdiction over these claims.") (collecting cases).

For these reasons, this Court lacks jurisdiction to grant the requested relief. Roth's application is denied.[1]

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
October 27, 2015

_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

[1] Roth may be entitled to seek relief from the New York state courts. *See In re Helmsley*, 152 Misc. 2d 215, 218, 575 N.Y.S.2d 1009, 1012 (N.Y. Sup. Ct. 1991) ("While federal courts are not authorized to issue a certificate of relief, on may apply to the State Supreme Court to obtain a certificate of relief from a Federal conviction.") This Court takes no position on the merits of this, or any other, application.